```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
JONATHAN MCLEAN,                                              :
                                          Plaintiff,          :
                                                              :            18 Civ. 5944 (LGS)
                     -against-                                :
                                                              :                 ORDER
MBD MANAGEMENT COMPANY, INC.,                                 :
                                          Defendant.          :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/4/2019

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on March 28, 2019, the parties filed their *Cheeks* letter, settlement agreement and time records (Dkt. No. 34)

WHEREAS, on March 29, 2019, the Court denied the parties' application for approval of the settlement agreement on the ground that the last sentence of Section 4 released Defendant from any monetary liability resulting from claims filed with the National Labor Relations Board or the Equal Employment Opportunity Commission (Dkt. No. 35);

WHEREAS, on April 3, 2019, the parties filed a letter agreeing "to accept whatever changes the Court deems necessary to these provisions without the time and expense of having to re-execute the agreement." (Dkt. No. 36). It is hereby

**ORDERED** that the settlement agreement is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiffs' claims and the risks and expenses involved in additional litigation, with the exception of the last sentence of Section 4 of the settlement agreement, which is hereby struck. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and

reasonable).  It is further

 **ORDERED** that Plaintiff's counsel's request for $9,037.00 in attorney's fees, which amounts to approximately 46.3% of the settlement amount, is **DENIED** as unreasonable.  "Courts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."  *Larrea v. FPC Coffees Realty Co.*, No. 15 Civ. 1515, 2017 WL 1857246, at *5 (S.D.N.Y. May 5, 2017) (citation, alteration and quotation marks omitted).  "When parties allocate an excessive portion of a net settlement amount to attorneys' fees in FLSA settlements, courts in this District often reduce the fee award to one third."  *Id.*  Here, the parties have not shown that this case presents "extraordinary circumstances" warranting an award greater than one-third of the net settlement.  It is further

 **ORDERED** that Plaintiff's counsel is awarded $6,435.00 in attorney's fees, which amounts to 33% of the net settlement.  *See Romero v. ABCZ Corp.*, No. 14 Civ. 3653, 2017 WL 2560004, at *4 (S.D.N.Y. June 12, 2017) ("Contingency fees of one-third in FLSA cases are routinely approved in this circuit.").  The Court finds that this reduced award is appropriate based on Plaintiff's counsel's billing records, which reflect that Plaintiff's law firm devoted approximately 38 hours to this matter.  It is further

 **ORDERED** that Plaintiff's counsel's request for $463.00 in costs is **APPROVED** as reasonable.  It is further

 **ORDERED** that the remainder of the settlement shall be distributed to Plaintiff.

 The Clerk of Court is respectfully directed to close the case.

Dated: April 4, 2019
   New York, New York

                LORNA G. SCHOFIELD
                UNITED STATES DISTRICT JUDGE